UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLA MAE CAGGINS,

        Plaintiff,

vs.

THE BANK OF NEW YORK MELLON,
SUCCESSOR IN INTEREST TO
JPMORGAN CHASE BANK, AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF NOVASTAR MORTGAGE
FUNDING TRUST, SERIES 2004-2
NOVASTAR HOME EQUITY LOAN
ASSET-BACKED CERTIFICATES,
SERIES 2004-2, a foreign institution,
and OCWEN LOAN SERVICING, LLC,
a foreign limited liability company,

        Defendants.
_____/

Case No. 15-11124

HON. GEORGE CARAM STEEH

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises out of the foreclosure of Plaintiff's mortgage. Defendant, Ocwen Loan Servicing, LLC, began foreclosure proceedings against Plaintiff, Ola Mae Caggins on February 2, 2015 for failing to make loan payments when due. Plaintiff filed the present complaint in the Wayne County Circuit Court on March 4, 2015. Defendants removed the matter to this court on March 26, 2015 based on federal question jurisdiction.

Plaintiff's complaint contains three counts: Count I – wrongful foreclosure under M.C.L. 600.3201, et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12

U.S.C. 2605, et seq., and 12 C.F.R. 1024.41 ("Regulation X"); Count II – breach of the mortgage contract; and Count III – fraudulent misrepresentation that the lender would not begin foreclosure proceedings while the parties were actively pursuing loan modification options.

This case is now before the court on the Defendants' motion to dismiss filed on April 7, 2015. Plaintiff did not file a response brief to Defendants' motion. On the day set for hearing on Defendant's motion, Plaintiff's counsel called to inform the Court that he has been unable to contact his client, does not oppose motion to dismiss, and would not be appearing for argument. For the reasons stated below, Defendants' motion to dismiss is GRANTED.

## STATEMENT OF FACTS

Plaintiff purchased the subject property on May 24, 1976. On April 14, 2004, Plaintiff borrowed $59,500 from Novastar Mortgage, Inc., and granted a mortgage interest in the property to Novastar Mortgage, Inc. The mortgage was assigned to The Bank of New York Mellon, successor in interest to JP Morgan Chase Bank, as Trustee for the Registered Holders of Novastar Mortgage Funding Trust. The mortgage is currently serviced by Ocwen Loans Servicing, LLC.

After Plaintiff defaulted by missing several loan payments, Defendants began foreclosure proceedings against the property. Although Plaintiff alleges that she submitted all necessary documentation and information requested by Defendants for consideration of a loan modification, no loan modification agreement was ever reached. Plaintiff claims that she was never notified by Defendants that she had been denied a

loan modification.  Plaintiff alleges that during the process of negotiating a loan modification, the Defendants improperly began foreclosure proceedings.

Defendants began foreclosure proceedings on February 2, 2015. The foreclosure notice states the balance owed on the mortgage as $44,556.71.  Foreclosure sale was to take place on March 5, 2015 after the Defendants' fourth and final publication of foreclosure notice on February 23, 2015.  Plaintiff filed her complaint on March 4, 2015, thus halting the sheriff's sale.  Defendants removed the case to federal court on the basis of federal question jurisdiction.  Defendants now seek dismissal of all three counts.

RULE 12(b)(6) DISMISSAL STANDARD

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## ANALYSIS

I. <u>COUNT 1 – WRONGFUL FORECLOSURE</u>

In Count 1, Plaintiff claims that Defendants wrongfully foreclosed on the subject property by violating the Michigan foreclosure statute and RESPA.

    A. <u>Claim for Relief for Violations of MCL 600.3201, et seq.</u>

Plaintiff alleges that Defendants violated the Michigan foreclosure statute by failing "to properly calculate the amount claimed to be due on the date of the notice of foreclosure." Compl. ¶ 42. The Plaintiff does not plead any facts as to why she believes the amount stated in the foreclosure notice was miscalculated, how the amount was miscalculated, or what the correct amount should have been.

> "[A] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing."

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013) (internal citations omitted). Plaintiff's pleading is merely a conclusory allegation without factual support, which does not meet Rule 12(b)(6)'s pleading requirements. *See Twombly,* 550 U.S. at 554-56; *Iqbal,* 556 U.S. at 678.

    B. <u>Claim for RESPA Violations</u>

Plaintiff's claimed RESPA violation alleges that the Defendants pursued loss mitigation options contemporaneously with active foreclosure proceedings. Plaintiff seeks three remedies: (1) that the foreclosure proceedings be declared null and void;

(2) that the Defendants be ordered to negotiate in good faith a reasonable loan modification with Plaintiff; and (3) any further relief the court deems just and equitable. The first and second remedies sought by the Plaintiff are unavailable under Section 2605(f) of RESPA which limits damages to "actual damages to the borrower as a result of the [breach]." 12 U.S.C. §2605(f)(1). There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification. 12 U.S.C. §2605(f)(1); *see also Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 U.S. Dist. LEXIS 170667, at *2 ( E.D. Mich. Dec. 10, 2014); *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 U.S. Dist. LEXIS 53414, at *8-9 ( E.D. Mich. Apr. 23, 2015); *Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 U.S. Dist. LEXIS 56447, at *7 ( E.D. Mich. Apr. 30, 2015).

To the extent Plaintiff intends to state a RESPA claim for monetary damages, the court dismisses the claim because Plaintiff does not allege any facts which would establish actual damages or a pattern or practice of non-compliance. *See Drew v. Kemp-Brooks*, 802 F. Supp.2d 889, 898 (E.D. Mich. 2011).

For the foregoing reasons, Defendant's motion to dismiss Count I is granted.

II. COUNT II – BREACH OF CONTRACT

Plaintiff alleges that the Defendants breached the terms of the mortgage contract, and failed to adhere to the implied covenant of good faith. First, Michigan does not recognize a cause of action for a breach of the implied covenant of good faith and fair dealing. *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006). As such, the Defendants' motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith is granted.

As for the breach of contract claim, Plaintiff generally alleges that the correspondence she received from the Defendants did not contain the components required by the mortgage agreement. Compl. ¶ 46. The Plaintiff fails to identify the specific letters which she claims were deficient, the contents of these letters, or how and why the specific letters were deficient. This type of general conclusory allegation without specific factual allegations to support the claim cannot survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 677.

Therefore, Defendants' motion to dismiss Plaintiff's breach of contract claim is granted.

### III. COUNT III – FRAUDULENT MISREPRESENTATION

Plaintiff argues that the Defendants fraudulently misrepresented that they would not begin foreclosure proceedings while the parties were actively pursuing loss mitigation, or other financial assistance options. Under the Federal Rules of Civil Procedure, the circumstances of a fraudulent misrepresentation must be pled with particularity. Fed. R. Civ. P. 9(b). In order to satisfy the particularity requirement, a plaintiff must: (1) specify the alleged fraudulent statements; (2) identify the speaker; (3) state when and where the statements were made; and (4) explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Here, the Plaintiff fails to particularly identify the specific fraudulent statements, who made the statements, and when and where the statements were made. Therefore, the Plaintiff fails to plead fraudulent misrepresentation with the level of particularity required by Rule 9(b).

Furthermore, promises from a financial institution regarding loan modifications must be in writing to be enforceable under the statute of frauds. M.C.L. 566.132(2)(b) provides that no cause of action can be brought against a financial institution for a promise of financial accommodation unless the promise is in writing and signed by an authorized signature. Here, there is no reference to a written instrument pertaining to a stay of the foreclosure proceedings during the loan modification process, therefore Plaintiff's claim should be dismissed due to non-compliance with the statute of frauds.

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claim for fraudulent misrepresentation is granted.

## CONCLUSION

For the reasons stated in this opinion, Defendants' motion to dismiss is GRANTED as to Counts I, II, and III, and Plaintiff's complaint is dismissed in its entirety.

Dated: July 1, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---